QUIROGA LAW OFFICE, PLLC
505 N. Argonne Rd., Suite B-109
Spokane Valley, WA  99212
Telephone (509) 927-3840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTIAN GARCIA HERRERA,

    Plaintiff,

vs.

KEVIN MCALEENAN, Acting Secretary, Department of Homeland Security; LOREN MILLER, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services; KENNETH T. CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services;[1] MARK A. MORGAN, Acting Director, U.S. Immigration and Customs Enforcement;[2] CHRYSTA STOCK, Spokane Field Office Director, U.S. Citizenship and Immigration Services,

    Defendants.

Case No. 19-cv-00094

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**

---

[1] Acting Director Kenneth T. Cuccinelli is automatically substituted for L. Francis Cissna in accordance with Frederal Rule of Civil Procedure 25(d).

[2] Acting Director Mark A. Morgan is automatically substituted for Thomas D. Homan in accordance with Federal Rule of Civil Procedure 25(d).

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO
DISMISS COMPLAINT - Page 1

QUIROGA LAW OFFICE, PLLC
505 N. Argonne Rd., Suite B-109
Spokane Valley, WA  99212
Telephone (509) 927-3840
Fax (509) 210-4607

Defendants seek dismissal of Plaintiff Christian Garcia Herrera's ("Plaintiff") Complaint. In so requesting, Defendants again raise issues that were addressed when they opposed Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion for TRO"). Defendants again challenge the Court's jurisdiction, and again argue that it is not relevant if Defendants actually followed their own procedures because the final determination is subject to the Department of Homeland Security's discretion. For the reasons detailed below, Defendants' Motion to Dismiss should not be granted.

## LEGAL STANDARDS

### I. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1)

Federal courts must dismiss any case if it lacks subject matter jurisdiction over the claims, but when jurisdiction is intertwined with merits, "the district court assumes the truth of allegations in a complaint…unless controverted by undisputed facts in the record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

### II. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

In order to avoid dismissal under Rule 12(b)(6), "the complaint must allege sufficient facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## ARGUMENT

### I. This Court has Subject Matter Jurisdiction

Defendants contend that 8 U.S.C. § 1252(g) and 5 U.S.C. § 701(a)(2) deny this Court subject matter jurisdiction. However, as this Court has previously found "jurisdiction to consider the narrower issue presented in this case; specifically, whether Defendants followed their own procedures." ECF No. 14, Order Denying Plaintiff's Motion ("Order"), at 11. As discussed in the

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO
DISMISS COMPLAINT - Page 2

QUIROGA LAW OFFICE, PLLC
505 N. Argonne Rd., Suite B-109
Spokane Valley, WA  99212
Telephone (509) 927-3840
Fax (509) 210-4607

Order, jurisdiction is proper because Plaintiff is not challenging Defendants' discretion in its final determination, but is challenging the non-discretionary procedures used prior to the discretionary final determination.

A.    Inapplicability of 8 U.S.C. § 1252(g)

The government first cites § 1252(g) for the idea that this Court lacks jurisdiction. However, the text of this section, and the caselaw that has developed, demonstrate that it does not apply to Plaintiff's case.

Defendants discuss the jurisdictional bar relating to "the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." *Resp.* at 13. However, no decision or action of the *Attorney General* is at issue in this case. The only actions at issue were those taken under the Secretary of Homeland Security ("Secretary"), which includes the U.S. Citizenship and Immigration Services and Immigration and Customs Enforcement. The rights and responsibilities of the Attorney General and the Secretary are distinct and are not interchangeable.

The Department of Homeland Security was created in 2002 by the Homeland Security Act of 2002, 6 U.S.C. 101 et seq. While § 1252(g) was enacted before the Secretary position existed, Congress amended the INA to specify the powers and duties of the Secretary and the Attorney General. In 8 U.S.C. § 1103(a), the Secretary is

> charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens, except insofar as this chapter or such laws relate to the powers, functions, and duties conferred upon the President, Attorney General, the Secretary of State, the officers of the Department of State, or diplomatic or consular officers; provided, however, that determination and ruling by the Attorney General with respect to all questions of law shall be controlling.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COMPLAINT - Page 3

QUIROGA LAW OFFICE, PLLC
505 N. Argonne Rd., Suite B-109
Spokane Valley, WA  99212
Telephone (509) 927-3840
Fax (509) 210-4607

8 U.S.C. § 1103(a). The Attorney General was given authority and function over the Executive Office for Immigration Review (which includes the immigration court system) under 8 U.S.C. § 1103(g). It is clear that both the Secretary and the Attorney General have powers and duties relating to immigration, and that they do not overlap. Powers and duties conferred to the Attorney General are by definition excluded from the powers afforded to the Secretary.

Even assuming the Secretary and Attorney General are interchangeable and § 1252(g) applies at all to Plaintiff's case, the section is limited in scope, and Defendants' position it requires an expansive view of jurisdictional bars that is contradicted in the very cases Defendants cite. The cases Defendants rely on do not support the conclusion that there is no jurisdiction for Plaintiff's claims.

Defendants note that § 1252(g) was "directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999) ("*AADC*"). This is mere dicta, as much of the *AADC* decision revolves on the scope of § 1252(g), with the majority explaining that the statute is rather narrow, focusing on decisions to commence proceedings, adjudicate cases, or execute removal orders. *Id*. at 482. The majority felt it "implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings….We are aware of no other instance in the United States Code in which language such as this has been used to impose a general jurisdictional limitation." *AADC*, 525 U.S. at 482. Defendants instead seek a broad interpretation of this decision, incorporating the DACA review into § 1252(g)'s bar to jurisdiction.

Defendants have never decided or acted to commence, adjudicate, or execute removal proceedings against Plaintiff. While a DACA application is tangentially related to removal

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO
DISMISS COMPLAINT - Page 4

QUIROGA LAW OFFICE, PLLC
505 N. Argonne Rd., Suite B-109
Spokane Valley, WA  99212
Telephone (509) 927-3840
Fax (509) 210-4607

proceedings, that connection is remote. A denied DACA application does not mean the applicant will be put into removal proceedings; Defendants note that the federal government cannot practically remove every removable alien. ECF No. 15, Defendants' Motion to Dismiss ("Motion"), at 2. The mere fact that DACA grants a temporary deferred action (which can be terminated) does not bring it into the scope of a removal proceeding.

Furthermore, Plaintiff is not challenging Defendants' right and ability to exercise discretion as to who is deserving of deferred action. Defendants assert Plaintiff is really an attempt to overcome the discretionary determination. *See* Motion at 8-9. They cite the Complaint for statements such as "[T]here is no cause for him to be denied under the reasons provided by USCIS as a cause for denial" and the request to "[D]eclare Defendant's *decision*…denying [Mr. Herrera's] application for renewal of DACA to be unconstitutional and contrary to law. *Id*. at 9 (emphasis theirs).

Taken in context, the first statement was a factual assertion that Plaintiff has no knowledge of any unfavorable factors that would impact the decision. For instance, in the previous entry, the Complaint states that Plaintiff has no criminal record. ECF No. 1, Complaint for Declaratory and Injunctive Relief ("Complaint"), at 2. If he had been arrested and/or had charges pending against him, it would be an obvious basis to deny his application. This is not a challenge to Defendants' discretion but a statement that Plaintiff does not know of any negative factors for his case.

Plaintiff's request to declare Defendants' decision contrary to law is also appropriate. The Complaint alleges that Defendants failed to follow their non-discretionary procedures. *Id*. at 5. The allegations are taken as true. *Roberts*, 812 F.2d at 1177. Under those circumstances, the decision *should* be held contrary to law. This is not to say that Defendants could not reach the

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO
DISMISS COMPLAINT - Page 5

QUIROGA LAW OFFICE, PLLC
505 N. Argonne Rd., Suite B-109
Spokane Valley, WA  99212
Telephone (509) 927-3840
Fax (509) 210-4607

same conclusion under a fully fair review, which would be a genuine challenge to their discretionary authority. Instead, Plaintiff requested temporary protections for a limited period to give Defendants time to re-adjudicate his application, and an order requiring Defendants to comply with the appropriate non-discretionary procedures. *Id*. at 14. He is not challenging the ultimate decision-making authority, but the processes taken to reach the point in his case where that decision is made, and jurisdiction is appropriate.

      B.      Jurisdiction under 5 U.S.C. § 701(a)(2)

For the same reason, Defendants' argument that the Court lacks jurisdiction under § 701(a)(2) must fail. Defendants argue that because they have discretion over the ultimate determination to defer action, none of the underlying processes may be challenged.

What is particularly troubling is that Defendants assert that their position is distinguishable from the facts in *Judulang v. Holder*, because in that case at issue was "a non-discretionary (but random) application of a statute to a lawful permanent resident's eligibility for a discretionary form of relief from removal." Motion at 12 (citing 565 U.S. 42, 57-59 (2011)). It follows that Defendants see the internal procedures and DACA Standard Operating Procedures ("SOP") as discretionary – in both cases the ultimate decision was discretionary, so the distinguishing factor must be that the SOP are considered discretionary. Going further, Defendants disagree with the idea that the "agency action must be based on non-arbitrary, relevant factors." *Id*. (citing Order at 15) (internal citations omitted). While Defendants maintain discretion over the final outcome of Plaintiff's DACA application, they do not have carte blanche to arbitrarily throw out the SOP. This Court has jurisdiction to review claims that non-discretionary procedures were not followed.

**II.**    **The Complaint States a Claim for Relief**

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO
DISMISS COMPLAINT - Page 6

QUIROGA LAW OFFICE, PLLC
505 N. Argonne Rd., Suite B-109
Spokane Valley, WA  99212
Telephone (509) 927-3840
Fax (509) 210-4607

Defendants also move to dismiss the case under Fed. R. Civ. P. 12(b)(6) for failing to state a claim. Taking the allegations in the Complaint as true, Plaintiff has adequately stated a claim sufficient to overcome the 12(b)(6) challenge.

As an initial matter, in reviewing a challenger under 12(b)(6), district courts are generally limited to reviewing the complaint. See, e.g., *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If additional matters outside the pleading are presented to and not excluded by the court, the motion is properly considered under Fed. R. Civ. P. as a motion for summary judgment. Fed R. Civ. P. 12(d). In such a case, all parties must have an opportunity to present all relevant material. *Id*. There are two exceptions to this limitation: "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja*, 899 F.3d at 988.

Judicial notice allows courts to accept as adjudicative fact something that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1)-(2). A public record may be appropriate for judicial notice, but disputed facts contained in that public record are not appropriate for judicial notice. *Lee*, 250 F.3d at 689.

Defendants request that this Court take judicial notice of two documents: portions of the DACA SOP, and the Form I-821D Instructions. Motion at 7-8. Plaintiff does not object to judicial notice of the Form I-821D Instructions. Plaintiff does not object to judicial notice of the excerpts of the DACA SOP, with the following caveat. Many pages, including required procedures for how to handle the denial of applications, are largely redacted. *See, e.g.*, DACA SOP, at 107 (available at https://cliniclegal.org/sites/default/files/ attachments/daca_sop_4-4-13.pdf (last visited July 1, 2019). Plaintiff does not dispute the authentication of the excerpts Defendants proffer, but the SOP contains additional procedural requirements that are redacted. Plaintiff does

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COMPLAINT - Page 7

QUIROGA LAW OFFICE, PLLC
505 N. Argonne Rd., Suite B-109
Spokane Valley, WA  99212
Telephone (509) 927-3840
Fax (509) 210-4607

not object to judicial notice of the SOP excerpts Defendants request, but notes that their full context is not evident and that disputed questions about the application of the SOP are not suitable for judicial notice.

In arguing that Plaintiff has not stated a claim for relief, Defendants indicate that this Court found Plaintiff "cannot succeed" in showing he is entitled to process requested. Motion at 14 (citing Order at 16). This overstates the holding, which was here referring to one particular part of Plaintiff's claim relating to the Administrative Procedure Act ("APA") notice and comment arguments which were not raised in the Motion for TRO. Order at 16. The Court also found Plaintiff could not show a legitimate claim of entitlement to DACA renewal necessary to support his Due Process claim. *Id*. at 17. However, on Plaintiff's first claim, the Court did not find that Plaintiff could not establish a valid claim.

The Court stated that, "[b]ased on the record before it, [it] is simply unable to conclude at this time that Plaintiff is likely to succeed on the merits of his first APA claim." Order at 15. This is the claim that pertains to whether Defendants followed proper procedures in adjudicating Plaintiff's applications. While in that motion, Plaintiff was not successful in proving likelihood of success on the current record, this is not fatal to his Complaint.

In the Motion for TRO, Plaintiff faced the burden of establishing it is more likely than not that he would succeed on the merits, without the benefit of the Administrative Record or any other discovery. On that record, he could not meet that burden. In Defendants' present Motion, however, Plaintiff's factual allegations in the Complaint are accepted as true.

Plaintiff asserts that Defendants did not follow their procedures in adjudicating his applications. Defendants claim that all procedures were followed, but there are factual questions about the interpretation of the DACA SOP. For example, Defendants assert that Plaintiff is not

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO
DISMISS COMPLAINT - Page 8

QUIROGA LAW OFFICE, PLLC
505 N. Argonne Rd., Suite B-109
Spokane Valley, WA  99212
Telephone (509) 927-3840
Fax (509) 210-4607

entitled to any notice before his application was denied, despite a section of the SOP which emphatically states:

> Officers will NOT deny a DACA request solely because the DACA requestor failed to submit sufficient evidence with the request (unless there is sufficient evidence in our records to support a denial). As a matter of policy, officers will issue an RFE or a Notice of Intent to Deny (NOID).

DACA SOP at 45. This does not distinguish between evidence that the applicant is eligible for DACA, or whether the applicant is deserving of favorable discretion.

Defendants somehow conclude that it exempts evidence related to whether an applicant is deserving of favorable discretion, but there is no evidence supporting this other than Defendants' assertion. Indeed, the DACA form instructions state that the DACA discretionary determination will be evaluated on "the totality of the circumstances." Form I-821D Instructions, at 11. Defendants have not provided any rationale to distinguish requesting evidence for DACA eligibility and evidence pertaining to the totality of the circumstances.

The SOP also *required* Plaintiff's denials to be forwarded from a supervisor to Headquarters Service Center Operations Directorate ("HQSCOPS") for additional review:

> In instances where an individual is unable to establish he or she warrants a favorable exercise of prosecutorial discretion under this process, and no other checkbox applies except "You have not established that you warrant a favorable exercise of prosecutorial discretion," supervisors must refer the case to HQSCOPS through the normal chain of command.

DACA SOP at 106. However, Defendants' Motion argues that in such a case, only supervisory review is needed. Motion at 6. Defendants go on to say that "'[i]n novel, complex, or sensitive cases, or cases that require a paragraph denial, supervisors will refer the case to HQSCOPS, through the normal chain of command.'" *Id*. (citing DACA SOP at 106).

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COMPLAINT - Page 9

QUIROGA LAW OFFICE, PLLC
505 N. Argonne Rd., Suite B-109
Spokane Valley, WA  99212
Telephone (509) 927-3840
Fax (509) 210-4607

Plaintiff submitted his most recent application on January 14, 2019 and the denial was dated February 5, 2019, a mere 22 days later. Plaintiff requests the Court take judicial notice that the federal government was shut down from December 22, 2018 until January 25, 2019, with only non-essential employees reporting to work. This means that 3 reviews (officer, supervisor, and HQSCOPS) would have to be completed in, at most, 22 days, but possibly in as little as 11 days, a marvel of government efficiency.

It is undisputed that Defendants did not provide Plaintiff a Request for Evidence or Notice of Intent to Deny before denying his applications. Based on the time of adjudication and Defendants' assertion that a review by HQSCOPS was not required, it appears likely that this procedure was also skipped. Plaintiff alleges that he was entitled to these non-discretionary procedures, which denied him an opportunity to present additional evidence supporting his case and the benefit of additional review of his applications. Defendants contend Plaintiff was not entitled to these procedures (or any procedures, since the final determination is discretionary). Taking the factual assertions in the Complaint as true, Plaintiff has stated a viable claim sufficient to overcome Defendants' Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss with regards to Plaintiff's First Claim for Relief.

Respectfully submitted this 1st day of July, 2019.

QUIROGA LAW OFFICE, PLLC

  /s/ Clayton Cook-Mowery
Clayton Cook-Mowery, WSBA #41110
Quiroga Law Office, PLLC

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COMPLAINT - Page 10

**QUIROGA LAW OFFICE, PLLC**
505 N. Argonne Rd., Suite B-109
Spokane Valley, WA  99212
Telephone (509) 927-3840
Fax (509) 210-4607