UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTIAN GARCIA HERRERA, | NO. 2:19-CV-0094-TOR |
| Plaintiff, | |
| | ORDER GRANTING DEFENDANTS' |
| v. | MOTION TO DISMISS |
| | |
| KEVIN K. MCALEENAN, Acting Secretary, Department of Homeland Security, LOREN MILLER, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services, KENNETH T. CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services, MATTHEW T. ALBENCE, Acting Director, U.S. Immigration and Customs Enforcement, CHRYSTA STOCK, Spokane Field Office Director, U.S. Citizenship and Immigration Services, | |
| Defendants. | |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 15).

This matter was Submitted for consideration without oral argument. The Court has

reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (**ECF No. 15**) is **GRANTED**.

## BACKGROUND

This case arises from the nonrenewal of Plaintiff Christian Garcia Herrera's deferred action status under Deferred Action for Childhood Arrivals ("DACA").

The following facts are drawn from Plaintiff's Complaint and construed in the light most favorable to Plaintiff. *Schwarz v. United States*, 234 F.3d 428, 436 (9th Cir. 2000). Plaintiff is 21 years old and currently resides in Tonasket, Washington. ECF No. 1 at 6, ¶ 27. Plaintiff was brought to this country from Mexico in 1998 when he was 1 year old. *Id*. Plaintiff completed junior high school, where he excelled academically, and graduated from high school in Tonasket in June 2016. *Id*. at 10, ¶ 43. Following graduation, Plaintiff began working as a firefighter for Washington's Department of Natural Resources ("DNR"). *Id*. at ¶ 44. Plaintiff hopes to one day work in law enforcement. *Id*. at 2, ¶ 3.

Plaintiff has been granted deferred action status under DACA for the past six years. Plaintiff first received deferred status under DACA in January 2013, and his subsequent renewal applications were approved in 2015 and 2017. *Id*. at 11, ¶ 50. Plaintiff also applied for and received work authorization in conjunction with the grants of deferred action. Plaintiff's most recently approved renewal application

extended his deferred action status and work authorization through February 13, 2019.  *Id.*

On October 29, 2018, Plaintiff applied to renew his deferred action status and work authorization.  *Id*. at 12, ¶ 51.  Though Plaintiff's circumstances regarding his eligibility for DACA remained unchanged, as he continued to satisfy the program's educational and residency requirements and has no criminal history whatsoever, USCIS denied Plaintiff's renewal application on November 30, 2018.  *Id*. at 4, ¶ 19; 12, ¶ 51.  The November 2018 denial letter did not identify the factors USCIS considered or provide a detailed account of the reasons for USCIS's decision, aside from stating: "You have not established that you warrant a favorable exercise of prosecutorial discretion."  ECF No. 4-20.

On January 14, 2019, Plaintiff submitted another renewal application to USCIS, which included additional evidence regarding Plaintiff's success in school and his work as a firefighter.  ECF No. 1 at 12, ¶ 52.  However, on February 5, 2019, Plaintiff's renewal application was again denied by USCIS.  *Id*.  According to Plaintiff, mirroring the November 2018 denial letter, the February 2019 denial letter simply stated that Plaintiff did not establish that he warranted a favorable exercise of prosecutorial discretion, without noting any positive or negative factors considered in the decision-making process.  *See* ECF No. 4-23.  Following the denial of his renewal application, Plaintiff's grants of deferred action status and

employment authorization officially expired on February 13, 2019.  ECF No. 1 at 11, ¶ 50.

On March 25, 2019, Plaintiff initiated this action for declaratory and injunctive relief against the following Defendants: Loren Miller, in his official capacity as Director of USCIS, Nebraska Service Center; Kenneth T. Cuccinelli, in his official capacity as Acting Director of USCIS; Thomas D. Homan, in his official capacity as Acting Director of the U.S. Immigration and Customs Enforcement ("ICE") [1]; Chrysta Stock, in her official capacity as Spokane Field Office Director, USCIS; and Kevin K. McAleenan, in his official capacity as Acting Secretary of the Department of Homeland Security ("DHS").  ECF No. 1 at 6, ¶¶ 28-32 .  Plaintiff contends that "[t]he government's decisions to deny the renewal of Mr. Garcia Herrera's DACA status, without meaningful explanation or process, and in violation of the program's enumerated eligibility criteria, violate the [APA] . . . as well as the Due Process Clause of the Fifth Amendment to the

---

[1]     Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Acting Director of USCIS, Kenneth T. Cuccinelli, for his predecessor, former Director of USCIS, L. Francis Cissna, and substitutes Acting Director of ICE, Matthew T. Albence, for his predecessor, former Acting Director of ICE, Thomas D. Homan.

U.S. Constitution." *Id.* at 5, ¶ 22. As stated in his Complaint, Plaintiff specifically asks this Court to (1) "declare the government's actions unlawful," (2) "order that the government re-adjudicate his application for DACA under the program's existing eligibility criteria using a fair procedure," and (3) "comply with its own rules and restore his DACA, pending the outcome of the government's decisions." *Id.* at ¶ 23.

On April 18, 2019, Plaintiff filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. ECF No. 4. Plaintiff sought an order from this Court to temporarily enjoin the denial of Plaintiff's DACA renewal application pending an eligibility determination that comports with the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), and the Due Process Clause of the Fifth Amendment. ECF No. 4. On May 2, 2019, Defendants collectively filed a response opposing Plaintiff's motion (ECF No. 9), and Plaintiff timely replied (ECF No. 11).

On May 8, 2019, the Court denied Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. ECF No. 14. Specifically, the Court found it had jurisdiction to review Plaintiff's claim, but that Plaintiff was not entitled to injunctive relief because he could not show he was likely to succeed on the merits. *Id.* at 9-18.

On June 10, 2019, Defendants filed a Motion to Dismiss. ECF No. 15. On July 1, 2019, Plaintiff filed a response opposing the motion, ECF No. 16, and Defendants timely replied, ECF No. 17.

## DISCUSSION

### A. The DACA Program

The Court previously summarized the DACA program in its Order Denying Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. ECF No. 14. On June 15, 2012, former Secretary of Homeland Security Janet Napolitano announced the creation of the DACA program. ECF No. 4-4 ("Napolitano Memo"). In her memorandum, Secretary Napolitano provided DHS with guidelines regarding the exercise of its prosecutorial discretion in the enforcement of "the Nation's immigration laws against certain young people who came to this country as children and know only this country as a home." *Id*. at 1. The Napolitano Memo lists the following five criteria that "should be satisfied before an individual is considered for an exercise of prosecutorial discretion pursuant to this memorandum":

- came to the United States under the age of sixteen;

- has continuously resided in the United States for at least five years preceding the date of this memorandum and is present in the United States on the date of this memorandum;

- is currently in school, has graduated from high school, has obtained a general education development certificate, or is an

honorably discharged veteran of the Coast Guard or Armed Forces of the United States;

- has not been convicted of a felony offense, a significant misdemeanor offense, multiple misdemeanor offenses, or otherwise poses a threat to national security or public safety; and

- is not above the age of thirty.

*Id*. Individuals must also pass a criminal background check to be eligible for DACA. *Id*. at 2. If a DACA applicant satisfies these eligibility criteria, USCIS may grant the applicant deferred action "on a case-by-case basis." *See* ECF No. 4-8 at 3 ("DACA FAQs"). Under the DACA program, deferred action is provided for a renewable period of two years, and DACA recipients are eligible to apply for work authorization during periods of deferred action. *Id*. at 3.

The National Standard Operating Procedures ("SOP") issued by DHS describe the procedures to be followed in adjudicating DACA requests and terminating DACA status. *See* ECF No. 4-24 at 2. The SOP is applicable to all personnel performing adjudicative functions that relate to DACA processing. *Id*. Particularly relevant here are the SOP procedures that apply to the adjudication of DACA renewal requests. Chapter 8 of the SOP, entitled "Adjudication of The DACA Request," provides the following guidelines for adjudicators:

Officers will **NOT** deny a DACA request solely because the DACA requestor failed to submit sufficient evidence with the request (unless there is sufficient evidence in our records to support a denial). As a

matter of policy, officers will issue an RFE [Request for Evidence] or a Notice of Intent to Deny (NOID).

If additional evidence is needed, issue an RFE whenever possible.

When an RFE is issued, the response time given shall be 87 days.

\*\*\*

When a NOID is issued, the response time given shall be 33 days.

ECF No. 4-24 at 3. Currently, the DACA SOP applies to all requests to renew deferred action status under DACA.[2]

---

[2]    In September 2017, former Attorney General Jeff Sessions rescinded DACA based on his determination that the program was an unconstitutional exercise of authority by the Executive Branch. A wave of litigation followed, resulting in several nationwide preliminary injunctions issued by district courts around the country, including the Northern District of California. *See Regents of Univ. of California v. United States Dept. of Homeland Sec.*, 279 F. Supp. 3d 1011 (N.D. Cal. 2018). The Ninth Circuit affirmed the preliminary injunction issued in the Northern District of California on November 8, 2018. *See Regents of the Univ. of California v. United States Dept. of Homeland Sec.*, 908 F.3d 476 (9th Cir. 2018). Pursuant to the injunction, USCIS must "maintain the DACA program on a nationwide basis on the same terms and conditions as were in effect before the

## B. Motion to Dismiss for Lack of Jurisdiction

Defendants move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  ECF No. 15 at 14-20.  Plaintiff's complaint asserts federal question jurisdiction exists under 28 U.S.C. § 1331 because Plaintiff's claims are brought under the U.S. Constitution and the Administrative Procedure Act.  ECF No. 1 at 5, ¶ 24.  However, Defendants challenge this Court's ability to review the revocation of Plaintiff's deferred action status based on both the Immigration and Nationality Act ("INA"), as amended by the REAL ID Act, 8 U.S.C. § 1252(g), and the APA, 5 U.S.C. § 701(a)(2).  ECF No. 15 at 14-20.  Defendants' arguments are duplicative of those raised at the TRO stage.  *See* ECF No. 9.  As the Court already determined in its Order Denying Plaintiff's Motion for TRO and/or Preliminary Injunction, neither provision Defendants identify deprive this Court of jurisdiction to review Plaintiff's claim.  ECF No. 14.

### 1.  *Legal Standard*

Federal Rule of Civil Procedure 12(b)(1) permits a party to seek dismissal of an action for lack of subject matter jurisdiction.  A defendant may challenge

_____

rescission on September 5, 2017, including allowing DACA enrollees to renew their enrollments . . . ."  *Regents*, 279 F. Supp. 3d at 1048-49.

subject matter jurisdiction in one of two ways: through a "facial attack" or a "factual attack." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A facial attack accepts the truth of the plaintiff's allegations but challenges the sufficiency of the complaint's allegation to invoke federal jurisdiction whereas a factual attack challenges the factual existence of federal jurisdiction. *See id.* Here, Defendants' challenge raises purely legal questions and does not challenge Plaintiff's factual assertions. ECF No. 15. Accordingly, the Court considers the motion by evaluating the complaint on its face. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### 2. INA

Defendants argue § 1252(g) of the INA precludes this Court from reviewing Plaintiff's claim. ECF No. 15 at 14-16. Section 1252(g) of the INA, as amended by the REAL ID Act, provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Supreme Court has explained that § 1252(g) is "directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *Reno v. American-Arab Anti-Discriminatory Committee*, 525 U.S. 471, 487 n.9 (1999)

("*AADC*"). However, the Court emphasized that its reading of § 1252(g) was narrow and applied to "only a limited subset of deportation claims." *Id.* at 486.

Defendants argue that Plaintiff's claims are precluded by § 1252(g) because the decision to grant or deny DACA status is an exercise of the Government's prosecutorial discretion. ECF No. 15 at 14-16. "[C]hallenges to individual 'no deferred action' decisions … fall exactly within Section 1252(g) as interpreted by the Court in *AADC*." *Regents*, 908 F.3d at 504. However, as the Court previously explained and as Plaintiff's briefing on the instant motion clarifies, Plaintiff's challenge is not to the ultimate fact that his DACA renewal was not granted; instead, he challenges Defendants' alleged failure to follow agency procedure when making the decision to deny Plaintiff's application. *See* ECF No. 1 at 13-14, ¶¶ 56-67; ECF No. 16 at 2-3. This kind of procedural challenge does not fall within the scope of the limited discretionary actions the Court cannot review. *See Medina v. U.S. Dept. of Homeland Sec.*, No. C17-0218RSM, 2017 WL 5176720, at *6-*8 (W.D. Wash. Nov. 8, 2017) (INA does not strip court of jurisdiction to review claim that DACA status was terminated in violation of internal policies and procedures); *Torres v. U.S. Dept. of Homeland Sec.*, No. 17CV1840 JM, 2017 WL 4340385, at *4 (S.D. Cal. Sept. 29, 2017) (same). Thus, § 1252(g) does not deprive the Court of jurisdiction to consider Plaintiff's claims.

Defendants attempt to reframe the issue, arguing that the purpose of Plaintiff's claim is to reverse the decision denying his DACA renewal, which is a matter of agency discretion. ECF No. 15 at 14. Even if Plaintiff's desired outcome, should he be granted reconsideration of his renewal application, would be that his application would be granted, the face of the complaint seeks relief for alleged failures to follow agency procedure. ECF No. 1 at 13-14, ¶¶ 56-67; *see Safe Air*, 373 F.3d at 1039. Therefore, § 1252(g) does not bar judicial review of Plaintiff's claim.

### 3. APA

Defendants also contend the APA precludes judicial review of this case. ECF No. 15 at 16-20. The APA permits judicial review of agency actions where "there is no other adequate remedy in a court." 5 U.S.C. § 704. However, the APA expressly precludes review of agency decisions that are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). This jurisdictional bar applies when the reviewing court "would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). But where there are "statutes, regulations, established agency policies, or judicial decisions that provide a meaningful standard against which to assess" agency action, jurisdiction is not barred. *Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 868 (9th Cir. 2003).

Here, Plaintiff alleges Defendants failed to comply with the SOP while adjudicating his DACA renewal application.  *See* ECF No. 1 at 12-14, ¶¶ 51-67; ECF No. 16 at 8-10.  The SOP establish procedures by which DHS will review DACA applications and renewal applications.  *See* ECF No. 4-24 at 2.  These procedures provide a legal standard against which this Court can consider Defendants' actions.  *Heckler*, 470 U.S. at 830; *see also Alcaraz v. I.N.S.*, 384 F.3d 1150, 1161 (9th Cir. 2004) (finding APA jurisdictional bar did not apply to agency action challenged as contrary to INS policy memoranda); *Inland Empire–Immigrant Youth Collective v. Duke*, No. EDCV 17-2048 PSG, 2017 WL 5900061, at *3-*4 (C.D. Cal. Nov. 20, 2017) (DACA SOP provide "a meaningful standard on which to base the agency's decision," so APA's jurisdiction-stripping provision did not apply to challenge to DACA termination); *Medina*, 2017 WL 5176720 at *8 ("Defendants' alleged failure to follow the procedures detailed in the DACA SOP does not implicate agency discretion.").  Therefore, the APA does not prohibit this Court from considering Plaintiff's claim.

Defendants contend that the APA and *Heckler* specifically preclude judicial review of the agency action that Plaintiff challenges here.  ECF No. 15 at 16-20.  Again, the flaw in Defendants' argument is their failure to distinguish between challenges to an agency's ultimate discretionary decision and challenges to an agency's alleged failure to follow its own administrative procedures.  The fact that

USCIS has the ultimate discretionary authority to grant or deny an application for deferred action under DACA does not mean that every determination made by USCIS regarding the application are discretionary and therefore not subject to judicial review. Because Plaintiff challenges Defendants' adherence to the DACA SOP, rather than the discretionary decision to deny his DACA application, judicial review is not precluded.

In sum, the jurisdiction-stripping provisions of 8 U.S.C. § 1252(g) and 5 U.S.C. § 701(a) do not prevent this Court from determining whether Defendants complied with their non-discretionary procedures. Because the Court concludes that it has jurisdiction over this action, it now turns to Defendants' Rule 12(b)(6) motion.

## C. Motion to Dismiss for Failure to State a Claim

### 1. *Legal Standard*

Defendants move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 15 at 20-23. A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678**.**

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those

elements could be proven on the facts pled.  The court may disregard allegations

that are contradicted by matters properly subject to judicial notice or by exhibit.

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court

may also disregard conclusory allegations and arguments which are not supported

by reasonable deductions and inferences.  *Id*.

The Court "does not require detailed factual allegations, but it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,

556 U.S. at 662.  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Id.* at 678 (citation omitted).  A claim may be dismissed only if "it

appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

### 2. *Claim One – APA Adjudication*

Plaintiff's first claim for relief alleges Defendants' adjudication of Plaintiff's

DACA renewal application was arbitrary and capricious and contrary to law for

failing to follow the agency's own adjudication procedures.  ECF No. 1 at 12-13,

¶¶ 51-59.  The Court may overturn agency action that is "arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. §

706(2)(A).  Plaintiff alleges Defendants' failure to follow the SOP when

adjudicating his DACA renewal application was arbitrary and capricious.[3]  ECF
No. 1 at 13, ¶¶ 58-59; ECF No. 16 at 8-10.

Specifically, Plaintiff contends the DACA SOP required Defendants to issue
either an RFE or NOID to Plaintiff before denying his claim.  ECF No. 16 at 8-9.
However, the text of the SOP that Plaintiff cites as evidence establishing his
entitlement to an RFE or NOID makes clear that an RFE or NOID should be issued
when the DACA applicant "failed to submit sufficient evidence with the request."
ECF No. 4-24 at 3.  In this case, Plaintiff has alleged no facts to support a
conclusion that Plaintiff did not submit sufficient evidence in support of his
application; instead, the facts alleged indicate the agency considered Plaintiff's
application materials and determined to exercise its discretion to deny Plaintiff's
renewal application.  *See* ECF Nos. 4-20; 4-23.  Although Plaintiff's complaint
seeks relief for a violation of the SOP, Plaintiff does not identify any portion of the

---

[3]     Defendants request the Court take judicial notice of the April 2013 SOP and
the Form I-821D Instructions.  ECF No. 15 at 13-14.  Plaintiff does not object.
ECF No. 16 at 7-8.  Accordingly, the Court takes notice of the SOP and Form I-
821D Instructions.  U.S. Dept. of Homeland Security, National Standard Operating
Procedures: Deferred Action for Childhood Arrivals (Apr. 4, 2013), *available at*
https://cliniclegal.org/sites/default/files/attachments/daca_sop_4-4-13.pdf.

SOP that requires an RFE or NOID to be issued when the applicant has submitted sufficient supporting information but the agency exercises its discretion to deny the application. ECF No. 1 at 13, ¶¶ 56-59; ECF No. 16 at 8-10.

Similarly, Plaintiff argues the SOP should have required Plaintiff's renewal application be forwarded for supervisory review. ECF No. 16 at 9-10. The SOP directs that applications that are denied solely because of an exercise of discretion should be referred for supervisory review. SOP at 106. However, neither Plaintiff's complaint nor Plaintiff's briefing on the instant motion alleges any facts to support a finding that Plaintiff's application was not forwarded for supervisory review. ECF No. 1 at 11-13, ¶¶ 50-67; ECF No. 16 at 9-10. Indeed, at the TRO hearing, Plaintiff conceded that he was merely speculating that his application was not given supervisory review. Plaintiff's allegations rise to little more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 662.

Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, Defendants' motion to dismiss for failure to state a claim as to Plaintiff's first claim is **granted**.

### 3. Claim Two – APA Rulemaking

Plaintiff's second claim for relief alleges Defendants' denial of Plaintiff's DACA renewal application constitutes administrative rulemaking that failed to

comply with the APA's notice and comment requirements. ECF No. 1 at 13-14, ¶¶ 60-63. At the TRO stage, Plaintiff made no argument in the motion papers or during the motion hearing that he is likely to succeed on the merits of this claim. In response to the instant Motion to Dismiss, Plaintiff similarly has not advanced his APA notice and comment arguments. Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, Defendants' motion to dismiss for failure to state a claim as to Plaintiff's second claim is **granted**.

### 4. Claim Three – Due Process

Plaintiff's third claim for relief alleges Defendants' denial of Plaintiff's DACA renewal application without adequate notice, explanation, or opportunity to respond deprived Plaintiff of a liberty or property interest without due process of law, in violation of the Fifth Amendment. ECF No. 1 at 14, ¶¶ 64-67.

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Cal., Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994). To succeed on his due process claim, Plaintiff must establish that he has "a legitimate claim of entitlement" in the renewal of deferred action status under DACA. *Id.* at 63. However, "[a] person's belief of entitlement to a government benefit, no matter how sincerely or reasonably held, does not create a

property right if that belief is not mutually held by the government." *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1020 (9th Cir. 2011).

Here, Plaintiff has not alleged any facts to establish that he has a legitimate claim of entitlement to renewal of his DACA status. ECF No. 1 at 7-14, ¶¶ 33-67; ECF No. 16 at 7-10. To the contrary, as the Ninth Circuit has recognized, Plaintiff's argument is undercut by the Napolitano Memo and the DACA FAQs. *See Regents*, 908 F.3d at 515. The Napolitano Memo expressly states that deferred action "confers no substantive right, immigration status or pathway to citizenship." ECF No. 4-4 at 3. The DACA FAQs clarify that "USCIS retains the ultimate discretion to determine whether deferred action is appropriate in any given case even if the guidelines are met," and an individual's "deferred action may be terminated at any time, with or without a Notice of Intent to Terminate, at DHS's discretion." ECF No. 4-8 at 7, 16.

Even construing the record in the light most favorable to Plaintiff, Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, Defendants' motion to dismiss for failure to state a claim as to Plaintiff's third claim is **granted**.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court shall substitute, on the docket sheet, Acting Director of USCIS, Kenneth

T. Cuccinelli, for his predecessor, former Director of USCIS, L. Francis Cissna; and shall substitute Acting Director of ICE, Matthew T. Albence, for his predecessor, former Acting Director of ICE, Thomas D. Homan.

2. Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED**. This case is **DISMISSED**.

3. The deadlines, hearings and trial date are **VACATED.** Each party to bear its own costs and expenses.

The District Court Executive is directed to enter this Order, furnish copies to counsel, enter judgment for Defendants, and **close** the file.

**DATED** September 3, 2019.



THOMAS O. RICE
Chief United States District Judge